IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD BROWN, ) <br> AIS # 204318, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICER HAYDER, ) <br> ) <br> Defendant. ) | CASE NO. 1:24-CV-824-WKW <br> [WO] |

# **ORDER**

Plaintiff Charles Edward Brown filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and simultaneously filed an application to proceed *in forma pauperis*. (Docs. # 1, 2.) On December 23, 2024, the court ordered Plaintiff to file an inmate account statement ("December 23 Order"). (Doc. # 3.) The December 23 Order warned Plaintiff as follows: "Plaintiff must immediately inform the court and Defendants (or Defendants' counsel) of any change in his address, *i.e.*, if he is transferred to a new correctional facility or released from confinement. Failure to provide an updated address to the court within ten days following a change will result in dismissal of this case." (*Id.* at 2 (emphasis omitted).) This warning was again provided to Plaintiff in a subsequent Order dated January 10, 2025 ("January 10 Order"). (Doc. # 9 at 3, ¶ 8.) On August 8, 2025, the court issued an Order & Notice vacating its previous Order directing Defendant to file a written report and directing Defendant to answer

Plaintiff's complaint or otherwise respond by motion ("Order & Notice"). (Doc. # 12.) Thereafter, on August 28, 2025, the copy of the Order & Notice sent to Plaintiff was returned as undeliverable with the notation "No Longer in our Facility Return." (Doc. # 13.)

To date, Plaintiff has failed to comply with the portions of the December 23 Order and the January 10 Order directing him to notify the court of a change of address. Because Plaintiff failed to comply with the court's Orders, his petition will be dismissed without prejudice.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a

finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Plaintiff has not complied with the December 23 and January 10 Orders, despite their express directives. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 2nd day of September, 2025.

                                               /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE